**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition
from the FDIC as Receiver for Colonial
Bank, successor by merger to Citrus and
Chemical Bank,

    Plaintiff,

v.                                     CASE NO:  8:15-CV-1462-T-30EAJ

CRYSTAL CENTRE, LLC, a Florida limited
liability company, OSWALD P. CARREROU,
individually, and DONALD K. STEPHENS,
individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Donald K. Stephens' Motion to Dismiss or for a More Definite Statement (Dkt. #5) and Plaintiff's Response in Opposition (Dkt. #8).  Upon review of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

### BACKGROUND

On June 22, 2015, Branch Banking and Trust Company ("BB&T") filed its complaint (Dkt. #1) seeking to enforce a commercial promissory note (the "Note") and the related

personal guaranty agreements, including the guaranty executed by Defendant Donald K. Stephens (the "Guaranty").

Stephens' motion argues that: (1) the statute of limitations bars the filing of the complaint; or, as an alternative, (2) BB&T should provide a more definite statement regarding the breach of the Guaranty.

As set forth below, Stephens' motion must be denied because Stephens' statute of limitations argument fails under Florida law at this stage and BB&T's cause of action against Stephens is sufficiently pled.

## DISCUSSION

**I.    Statute of Limitations**

The breach of guaranty claim against Stephens is akin to a breach of contract claim. Under Fla. Stat. § 95.11(2)(b), "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument" shall be commenced within five years.  Stephens argues that the default on the Guaranty occurred on March 30, 2010 (the Note's maturity date), and this action was commenced on June 22, 2015, more than five years later.

Stephens' argument neglects to acknowledge Fla. Stat. § 95.051 that deals with when limitations are tolled.  Specifically, the five-year limitations period is tolled by "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument." § 95.051(1)(f).

The complaint alleges that "a partial payment of the principal due under the Note was made in the amount of $419,000.00, on or about January 8, 2013 . . ." And "[t]hereafter, an

additional partial payment of the principal due under the Note was made in the amount of $150,000.00." (Dkt. #1 at ¶12, n. 4). These allegations of subsequent partial payments are sufficient, at this stage, to subject the breach of guaranty claim to tolling. *See Cadle Co. v. McCartha*, 920 So. 2d 144, 146 (Fla. 5th DCA 2006).

In *Cadle Co.*, the borrower defaulted on a loan after the creditor accelerated the payments due on or before December 1998. *See id.* at 145. After this default, and despite the acceleration, the borrower made nine additional partial payments. *See id.* In 2004, the creditor filed an action to enforce the loan documents and recover the outstanding obligations. *See id.* The guarantor, like Stephens here, argued that the breach of guaranty claim was barred because it was filed more than five years after the 1998 default. *See id.* The court disagreed. Relying on Florida's tolling provision, the Court stated: "By making partial payments on the debt, the debtor recognizes and signifies the intent to honor the obligation. It is not until the payee stops making payment that the creditor is placed on notice that the debtor is no longer willing or able to honor the underlying obligation." *Id.* at 146. As such, "the five-year statute of limitations applicable to actions founded on a written instrument, is 'tolled' through the date of any partial payment." *Id.* (citations omitted).

Accordingly, Stephens' statute of limitations argument fails because this action was filed within five years of the last alleged partial payment.

**II.    More Definite Statement**

In the alternative, Stephens requests a more definite statement of the breach of guaranty claim. This argument is asserted in one paragraph and does not explain why a more

definite statement is appropriate or necessary. Moreover, the breach of guaranty claim asserted in Count III of the complaint is sufficiently pled; it alleges the necessary facts establishing the existence of the guaranty, the principal's subsequent non-payment, and the resulting damages. Accordingly, Stephens' motion for a more definite statement is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Donald K. Stephens' Motion to Dismiss or for a More Definite Statement (Dkt. #5) is DENIED.

2. Defendant Donald K. Stephens shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2015\15-cv-1462 mtd 5 Stephens.wpd*