# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition
from the FDIC as Receiver for Colonial
Bank, successor by merger to Citrus and
Chemical Bank,

    Plaintiff,

v.                                        Case No.  8:15-CV-1462-T-30EAJ

CRYSTAL CENTRE, LLC, a Florida limited
liability company, OSWALD P. CARREROU,
individually, and DONALD K. STEPHENS,
individually,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment against Defendant Crystal Centre, LLC (Dkt. 24).  Upon consideration of the motion, and being otherwise advised in the premises, the Court denies the motion without prejudice.

Plaintiff's complaint seeks to enforce a commercial promissory note executed by Defendant Crystal Centre, LLC, and the related personal guaranty agreements executed by Defendant Oswald P. Carrerou and Defendant Donald K. Stephens.

On November 12, 2015, a clerk's default was entered against Defendant Crystal Centre, LLC for its failure to retain counsel (Dkt. 21).  Notably, Defendants Carrerou and Stephens are still defending this lawsuit.

"[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012). *See also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) ("[a]lthough rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.").

The Court concludes that entering a default final judgment against Crystal Centre, LLC at this stage raises the risk of inconsistent verdicts because the remaining Defendants may succeed on the merits.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment against Defendant Crystal Centre, LLC (Dkt. 24) is denied without prejudice to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2015.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2015\15-cv-1462.denydefaultFJaspremature.wpd