**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition
from the FDIC as Receiver for Colonial
Bank, successor by merger to Citrus and
Chemical Bank,

    Plaintiff,

v.                                        Case No.  8:15-CV-1462-T-30EAJ

CRYSTAL CENTRE, LLC, a Florida limited
liability company, OSWALD P. CARREROU,
individually, and DONALD K. STEPHENS,
individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Summary Judgment against Defendant Oswald P. Carrerou (Dkt. 40) and Plaintiff's Renewed Motion for Default Final Judgment against Defendant Crystal Centre, LLC (Dkt. 41).  Upon consideration of the motions, the record evidence, and being otherwise advised in the premises, the Court grants the motions.

## BACKGROUND

Plaintiff's complaint seeks to enforce a commercial promissory note (the "Note") executed by Defendant Crystal Centre, LLC, and the related personal guaranty agreements executed by Defendant Oswald P. Carrerou and Defendant Donald K. Stephens.

On November 12, 2015, a clerk's default was entered against Defendant Crystal Centre, LLC for its failure to retain counsel (Dkt. 21). Subsequently, Plaintiff moved for a default final judgment against Crystal Centre, which this Court denied without prejudice to renew the motion at a later date when the Court had reached the merits of the claims against Defendants Carrerou and Stephens, who, at that time, were still defending the lawsuit (Dkt. 25). Subsequently, Stephens agreed to the entry of a final judgment against him (Dkt. 33).

Plaintiff now moves to renew its motion for default judgment against Crystal Centre and for final summary judgment against Carrerou, who has been proceeding in this case *pro se*. Notably, Carrerou failed to respond to the motion for final summary judgment, even after the Court entered an Order to Show Cause regarding this failure, and provided him with additional time to respond (Dkt. 43). Accordingly, both motions are ripe at this time. Upon review of the record, the Court concludes that Plaintiff is entitled to a final judgment against Crystal Centre and Carrerou.

## **DISCUSSION**

### I.     **Plaintiff's Motion for Final Default Judgment against Crystal Centre**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint

adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

The Court concludes that it has diversity jurisdiction over Plaintiff's claims. Also, the complaint's allegations are sufficient to state a claim for breach of contract and a claim to re-establish the Note. Specifically, the complaint attaches a copy of the Note that Crystal Centre executed and alleges that Crystal Centre defaulted under the Note through its failure to pay all sums due under the Note at maturity. Plaintiff also alleges that, although the original Note is not in its possession, it is entitled to enforce the Note, the whereabouts of the Note cannot be determined, the loss of the Note was not due to any lawful seizure or transfer by Plaintiff, and Defendants are adequately protected against the loss because no other person is entitled to enforce the Note. Finally, the Affidavit of David S. Pratt clearly establish Plaintiff's damages, which negates any need for an evidentiary hearing. Accordingly, the Court grants Plaintiff's motion for default final judgment against Crystal Centre in the amount of $923,793.26, through June 27, 2016, in addition to per diem interest of $90.71 accruing after June 27, 2016, until the entry of final judgment.

## II. Plaintiff's Motion for Summary Judgment against Carrerou

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

motion. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *Id.* In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

Based on the merits of Plaintiff's motion against Carrerou, summary judgment is appropriate in Plaintiff's favor. The record is undisputed that Crystal Centre defaulted under the Note, is entitled to enforce the Note, and is entitled to enforce the Guaranty Carrerou executed in connection with the related loan documents. The record is undisputed that Carrerou breached the Guaranty. And, as explained further above, the record is undisputed that Plaintiff has proven its entitlement to re-establish the Note. The Affidavit of David S. Pratt clearly establishes Plaintiff's damages against Carrerou. Accordingly, the Court grants Plaintiff's motion for summary judgment against Carrerou and awards damages in the amount of $923,793.26, through June 27, 2016, in addition to per diem interest of $90.71 accruing after June 27, 2016, until the entry of final judgment.[2]

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Final Summary Judgment against Defendant Oswald P. Carrerou (Dkt. 40) and Plaintiff's Renewed Motion for Default Final Judgment

---

[2] Notably, Carrerou withdrew his affirmative defenses on May 9, 2016 (Dkt. 35).

against Defendant Crystal Centre, LLC (Dkt. 41) are granted as explained herein.

2. The Clerk of Court is directed to enter Final Judgment in Plaintiff's favor and against Defendants Crystal Centre, LLC and Oswald P. Carrerou, jointly, and severally, in the amount of **$927,149.53**,[3] all of which shall bear interest at the per annum rate specified by 28 U.S.C. § 1961, and for all of which let execution issue forthwith.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

4. Any motion for attorney's fees and costs shall be filed within fourteen (14) days of this Order.

DONE and ORDERED in Tampa, Florida on August 3, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-1462.mts-FJ-40and41.wpd

---

[3] This amount includes per diem interest in the amount of $90.71, from June 28, 2016, through, and including, August 3, 2016.