UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND
TRUST COMPANY,

    Plaintiff,

v.

CRYSTAL CENTER, LLC,
et al.,

    Defendants,

and

CENTERSTATE BANK OF
FLORIDA, N.A.,

    Garnishee.
_____/

Case No. 8:15-cv-1462-T-30/AAS

ANSWER OF GARNISHEE AND MOTION TO FREEZE ACCOUNT/ EXTEND GARNISHMENT HOLD

## ANSWER OF GARNISHEE

Garnishee, CENTERSTATE BANK OF FLORIDA, N.A., by and through the undersigned attorney, answers the Writ of Garnishment dated August 25, 2016 and served on August 29, 2016, and states:

1. Garnishee was indebted to Defendant, OSWALD P. CARREROU, at the time of this Answer and was indebted

to the said Defendant at the time of service of the Writ or at any time between such times.

2. Garnishee has in its possession the following that is the property of Defendant, OSWALD P. CARREROU, at the time of the service of this Answer:

   A.   Account Ending in:   xxx756
        Account Holder Name(s):   Oswald P. Carrerou
                                           Leah J. Carrerou
                                           Peter O. Carrerou
        Address(es) on Account:   268 Frenchmans Creek Way, Winter Haven, FL 33884
                                           P.O. Box 334, Winter Haven, FL 33882-0334
        Balance:   $1,000.00

   B.   Account Ending in:   xxx230
        Account Holder Name(s):   Oswald P. Carrerou
                                           Leah J. Carrerou
                                           Peter O. Carrerou
        Address(es) on Account:   268 Frenchmans Creek Way, Winter Haven, FL 33884
                                           P.O. Box 334, Winter Haven, FL 33882-0334
        Balance:   $5,304.19

3. Garnishee, through inadvertence, failed to place holds on the above-reference accounts within one (1) business day of service of the Writ.

4. At the time of the service of the Writ plus sufficient time not to exceed one (1) business day for the Garnishee to act expeditiously on the writ, the account ending in xxx756 had a balance of $138,147.55. The reduction in the balance in account no. xxx756 occurred as follows:

A. On August 31, 2016 at 2:08pm, Garnishee inadvertently allowed LEAH J. CARREROU to purchase, with funds from account no. xxx756, a cashier's check payable to "Oswald and Leah Carrerou" in the amount of $137,147.55. A true and correct copy of said check is attached hereto and incorporated herein as Exhibit "A".

B. On August 31, 2016 at 3:43pm, the aforementioned cashier's check was presented to Garnishee for negotiation, and the resulting funds were utilized to purchase from Garnishee a second cashier's check payable to "Peter Carrerou" in the amount of $137,147.55. A true and correct copy of this second check is attached hereto and incorporated herein as Exhibit "B".

C. On information and belief, OSWALD P. CARREROU was aware of the existence of this garnishment proceeding at the time of the above-referenced transactions, though the personnel with whom he dealt at Garnishee were not.

D. On information and belief, the cashier's check attached hereto as Exhibit "B" was, on or about September 1, 2016, presented for payment or deposit to Wells Fargo Bank.

5. At the time of the service of the Writ plus sufficient time not to exceed one (1) business day for the Garnishee to act expeditiously on the writ, the account ending in xxx230 had a balance of $9,331.09. The reduction in the balance in account no. xxx230 occurred because Garnishee mistakenly allowed three checks totaling $4,026.90 to clear the account before a garnishment hold was placed thereon.

6. At the time of this Answer, and at the time of the service of the Writ, other than the accounts described above, Garnishee has in its possession or

control no other accounts goods, money, chattels, effects, or other property of said Defendant.

7. Garnishee does not know of any other person or entity indebted to said Defendant or anyone who may have, in his or its possession or control, the property of said Defendant, other than Wells Fargo Bank.

8. Garnishee retained the undersigned attorney and agreed to pay a reasonable fee for services herein and demands payment of the statutory garnishee fee. Garnishee further demands judgment of all additional costs and all additional attorneys' fees incurred in this proceeding against any and all parties liable, pursuant to Section 77.28, Florida Statutes.

**MOTION TO FREEZE ACCOUNT/EXTEND GARNISHMENT HOLD**

Garnishee, CENTERSTATE BANK OF FLORIDA, N.A., by and through the undersigned attorney, respectfully requests the entry of an order directing Wells Fargo Bank to place a garnishment hold on, and to freeze, the sum of $137,147.55 held in the account of Peter Carrerou which was deposited on or about September 1,

2016 via deposit of the cashier's check attached hereto and incorporated herein as Exhibit "B", and in support thereof, states:

A. Pursuant to Section 77.06, Florida Statutes, a garnishment lien was imposed, on August 29, 2016, on all funds then held by Garnishee in the account ending in xxx756;

B. $137,147.55 in funds presently held by Wells Fargo Bank in the account of Peter Carrerou are directly traceable to those subject to the lien of Plaintiff's garnishment;

C. The garnishment lien that arose by operation of Section 77.06, Florida Statutes, remained in existence and followed the funds into the Wells Fargo Account;

D. This court presently has jurisdiction over Wells Fargo Bank as it is named as a garnishee within a separate Writ of Garnishment issued on behalf of Plaintiff;

E. As a result of the foregoing, Garnishee has been irreparably harmed and has no adequately legal

remedy to preserve, intact, the funds it mistakenly allowed to be removed from the account ending in xxx756;

F. Considerations of the public interest support the issuance of the relief requested herein as it upholds the statutory lien imposed by Section 77.06, Florida Statutes; and

G. There exists a substantial likelihood that the Court will ultimately decree that the funds removed from the account ending in xxx756 to Wells Fargo Bank were subject to the lien of Plaintiff's Writ of Garnishment under Section 77.06, Florida Statutes.

## VERIFICATION

I, Sandra Lewis, as Assistant Vice President of CENTERSTATE BANK OF FLORIDA, N.A., hereby swear and affirm that I have reviewed the foregoing allegations and that they are true and correct.

_____
Sandra Lewis

**STATE OF FLORIDA**
**COUNTY OF POLK**

The foregoing document was sworn to and signed before me by Sandra Lewis, who produced her drivers' license as identification, this 1st day of September, 2016.

_____
Notary Public
State of Florida



KRISTY CORNEJO
Notary Public - State of Florida
My Comm. Expires Nov 1, 2016
Commission # EE 848819
Bonded Through National Notary Assn.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties listed below this 1st day of September, 2016.

                          SHARIT, BUNN & CHILTON, P.A.

                          */s/ Robert C. Chilton*
                          ROBERT C. CHILTON
                          Florida Bar No. 10321
                          Post Office Box 9498
                          Winter Haven, FL  33883-9498
                          (863) 293-5000 (O)
                          (863) 293-2091 (F)
                          ServeRCC@winterhavenlaw.com
                          Attorneys for Garnishee

cc: Garnishee (MST)

Service List:

W. Glenn Jensen, Esq.
Robert Malani, Esq.
Roetzel & Andress, LPA
200 S. Orange Ave.
SunTrust Center, Ste. 1000
Orlando, FL 32801
gjensen@ralaw.com
rmalani@ralaw.com

# CenterState BANK

1101 First Street South
P.O. Box 9090
Winter Haven, FL 33880-9090

## CASHIER'S CHECK

**NOTICE TO CUSTOMER**
THE PURCHASE OF AN INDEMNITY BOND MAY BE REQUIRED BEFORE ANY CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED OR STOLEN.

FISA682001

301431

83-1403
631

DATE August 31, 2016

REMITTER  LEAH & OSWALD CARREROU

$****137,147.55

PAY  ONE HUNDRED THIRTY-SEVEN THOUSAND ONE HUNDRED FORTY-SEVEN AND 55/100

TO THE
ORDER OF  OSWALD AND LEAH CARREROU

**NON NEGOTIABLE**

**PROCESSING COPY**

PURPOSE

Branch: 11

20

⑆000301431⑆ ⑆063114030⑆: ⑆020153664⑆

EXHIBIT "A"

**CenterState BANK**

1101 First Street South
P.O. Box 9090
Winter Haven, FL 33880-9090

FISA662001
**301448**

83-1402
631

**CASHIER'S CHECK**

NOTICE TO CUSTOMERS
THE PURCHASE OF AN INDEMNITY BOND MAY BE REQUIRED BEFORE ANY CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED OR STOLEN.

DATE August 31, 2016

REMITTER LEAH & OSWALD CARREROU

PAY ONE HUNDRED THIRTY-SEVEN THOUSAND ONE HUNDRED FORTY-SEVEN AND 55/100    $****137,147.55

TO THE ORDER OF  PETER CARREROU

PURPOSE

Branch: 11

NON NEGOTIABLE
PROCESSING COPY

⑈00301448⑈ ⑆063114030⑆ ⑈02015366 4⑈    20

EXHIBIT "B"