# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition
from the FDIC as Receiver for Colonial
Bank, successor by merger to Citrus and
Chemical Bank,

    Plaintiff,

v.                                        Case No.  8:15-CV-1462-T-30EAJ

CRYSTAL CENTRE, LLC, a Florida limited
liability company, OSWALD P. CARREROU,
individually, and DONALD K. STEPHENS,
individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees and Taxable Costs (Dkt. 46). Upon consideration of the motion, the supporting affidavit, and being otherwise advised in the premises, the Court grants the motion in part.

## BACKGROUND

Plaintiff's complaint seeks to enforce a commercial promissory note executed by Defendant Crystal Centre, LLC, and the related personal guaranty agreements executed by Defendant Oswald P. Carrerou and Defendant Donald K. Stephens.

On November 12, 2015, a clerk's default was entered against Defendant Crystal Centre, LLC for its failure to retain counsel (Dkt. 21). Subsequently, Plaintiff moved for a default final judgment against Crystal Centre, which this Court denied without prejudice to renew the motion at a later date when the Court had reached the merits of the claims against Defendants Carrerou and Stephens, who, at that time, were still defending the lawsuit (Dkt. 25). Subsequently, Stephens agreed to the entry of a final judgment against him (Dkt. 33).

Plaintiff then moved to renew its motion for default judgment against Crystal Centre and for final summary judgment against Carrerou, who had been proceeding in this case *pro se*. On August 3, 2016, the Court granted Plaintiff's motions and judgment was entered in its favor in the amount of $927,149.53. The Court reserved on the issue of Plaintiff's entitlement to attorney's fees and costs (Dkts. 44, 45).

Plaintiff now moves for attorney's fees in the amount of $71,610.20, and taxable costs in the amount of $530.00. As set forth below, the Court concludes that it is necessary and appropriate to apply an across-the-board reduction of twenty-percent to the total hours billed by attorneys W. Glenn Jensen and Robert Malani.

## DISCUSSION

**I.     Attorney's Fees**

The language contained within the Promissory Note and Carrerou's Guaranty demonstrates Plaintiff's entitlement to attorney's fees against Crystal Centre and Carrerou. In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's

services. *See Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman,* 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman,* 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice,* 131 S.Ct. 2205, 2216 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### A.    Reasonable Hourly Rates

The Affidavit of Attorneys' Fees (Dkt. 46-1) reflects that two attorneys and two paralegals worked on the instant case. Specifically, attorney W. Glenn Jensen billed 82.3 hours at an hourly rate of $340.00, attorney Robert Malani billed 219.4 hours at an hourly rate of $235.00, paralegal Connie Gibson billed 6.2 hours at an hourly rate of $110.00, and

paralegal Alana Frustaci billed 1.7 hours at an hourly rate of $110.00. The Affidavit attaches biographical summaries outlining the background and qualifications of the attorneys. The Affidavit also states that the fees incurred in this action are consistent with rates billed and paid in similar commercial lawsuits filed in the United States District Court for the Middle District of Florida. The Court concludes that the hourly rates are reasonable.

### B. Reasonable Hours

The Court has carefully reviewed the billing entries in this case and concludes that a twenty-percent across-the-board reduction of Jensen and Malani's hours is appropriate. The Court makes this reduction considering that the case was neither novel nor complex. The skill required to perform the legal services properly was not great, especially considering that Defendant Stephens stipulated to a final judgment, Defendant Crystal Centre defaulted, and the filings necessary to obtain judgments against the three Defendants were substantively similar. In other words, the billing entries reveal repetitive and duplicate work. These considerations support the Court's reduction in the number of hours found to be compensable. Accordingly, Jensen's 82.3 hours are reduced by twenty-percent: he will be compensated for 65.8 hours. Malani's 219.4 hours are also reduced by twenty-percent: he will be compensated for 175.5 hours. The Court accepts as reasonable the hours billed by paralegals Gibson and Frustaci.

### C. Total Amount of Reasonable Fees

After reducing the hours as reflected above, the total amount of reasonable fees is $64,388.85.

**II.     Taxable Costs**

Plaintiff also seeks taxable costs in the total amount of $530.00 associated with the filing fee and process fees. These amounts are reasonable and appropriate under 28 U.S.C. § 1920. Accordingly, Plaintiff is awarded costs in the amount of $530.00.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Attorney's Fees and Taxable Costs (Dkt. 46) is granted in part and denied in part as explained herein.

2. Plaintiff is awarded attorney's fees in the amount of $64,388.85 and costs in the amount of $530.00.

3. The Clerk of Court is directed to enter a final judgment of attorney's fees and costs in the total amount of **$64,918.35** in Plaintiff's favor and against Defendants Crystal Centre, LLC and Oswald P. Carrerou, jointly and severally, for all of which let execution issue forthwith.

4. This case shall remain closed.

DONE and ORDERED in Tampa, Florida on September 12, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-1462.mt-fees-grant-in-part.wpd