UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRANCH BANKING AND TRUST COMPANY,**

    Plaintiff,

v.                                        Case No.: 8:15-cv-1462-T-30AAS

**CRYSTAL CENTER, LLC,** *et al.,*

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff Branch Banking and Trust Company's ("Plaintiff's") **Motion for Charging Order Against Oswald P. Carrerou's Interests in Limited Liability Companies** (Doc.145) and Defendant Oswald Carrerou's ("Defendant Carrerou's") and Leah Carrerou's **Response in Opposition to Plaintiff's Motion for Charging Order Against Oswald P. Carrerou's Interests in Limited Liability Companies** (Doc. 149).

**A.   Background**

On August 4, 2016, the Court entered judgment against Defendant Carrerou in the amount of $927,149.53 plus post-judgment interest. (Doc. 45). The Court subsequently awarded attorney's fees and costs in the amount of $64,918.35. (Doc. 103). Plaintiff now seeks a charging order against Defendant Carrerou's interests in ten (10) Florida limited liability companies.[1] Defendant and Mrs. Carrerou object to the entry of a charging order and assert that Defendant Carrerou's

---

[1] Plaintiff identifies the following ten Florida limited liability companies: Bretton Ridge LLC; Carrerou Enterprises, LLC; Casa Acquisitions, LLC; Idylwild Luxury Homes, LLC; Lake Sears Shores, LLC; Luxury Apartment Living LLC; Mid-Horizon Investments, LLC; Premier Construction A/C & Electrical LLC; Premier Construction LLC; and Sands Aviation, LLC. (Doc. 145 at 3).

ownership interests in the limited liability companies at issue are held as tenancies by the entireties with Mrs. Carrerou.

**B.   Discussion**

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). In Florida, after being awarded a judgment, the judgment-creditor acquires a judgment lien certificate by filing a judgment lien certificate with the Florida Department of State. Fla. Stat. § 55.202(2)(a). In so doing, the judgment-creditor obtains a judgment lien on the "judgment-debtor's interest in all personal property in this state subject to execution under [Fla. Stat. §] 56.061, other than fixtures, money, negotiable instruments, and mortgages." Fla. Stat. § 55.202(2).

However, the interest held by a member in a limited liability company is not subject to execution under Fla. Stat. § 56.061, and a judgment-creditor must, instead, seek a charging order against such interest. *See* Fla. Stat. § 605.0503(3)(except in the case of a limited liability company having only one member, *see* Fla. Stat. §§ 605.0503(4), (5), "a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company.").

"A charging order is a court-supervised substitute for the process of execution by the sheriff." *Regions Bank v. Hyman*, No. 8:09–CV–1841–T–17MAP, 2015 WL 1912251, at *6 (M.D. Fla. Apr. 27, 2015) (citing *Krauth v. First Continental Dev-Con, Inc.*, 351 So.2d 1106 (Fla. 4th DCA 1977)). As to limited liability companies, Florida law provides,

> On application to a court of competent jurisdiction by a judgment

2

> creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

Fla. Stat. § 605.0503(1).

But, Section 605.0503 "does not deprive a member or transferee of the benefit of any exemption law applicable to the transferable interest of the member or transferee." Fla. Stat. § 605.0503(2). Property held as a tenancy by the entireties is one possible exemption. If property is held as a tenancy by the entireties, as Defendant Carrerou and Mrs. Carrerou allege in this case, it "belongs to neither spouse individually, but each spouse is seized of the whole." *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 53 (Fla. 2001). As a result, creditors cannot reach property held as a tenancy by the entireties to satisfy the obligation of only one of the spouses; property held as a tenancy by the entireties may be attached only by creditors of both spouses jointly. *Id.*

A tenancy by the entireties requires six characteristics: unity of possession, unity of interest, unity of title, unity of time, survivorship, and unity of marriage. *Id.* at 52. When a husband and wife jointly own property, either real or personal, a presumption arises that the property is held as a tenancy by the entireties. *See id.* at 57 ("Although we understand the considerations that originally led to this Court's decision not to adopt a presumption of a tenancy by the entireties in personal property similar to that in real property, we conclude that stronger policy considerations favor allowing the presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property."); *see also, e.g., In re Matthews*, 307 F. App'x 266, 268-69 (11th Cir. 2009) (applying *Beal Bank* presumption to married couple's ownership of stock).

Here, Defendant Carrerou and Mrs. Carrerou filed affidavits stating that Defendant

3

Carrerou's interests in the ten limited liability companies identified by Plaintiff are held as a tenancy by the entireties with Mrs. Carrerou. (Doc. 149 at 7, 10-11).  Importantly, as to six of the limited liability companies (Bretton Ridge LLC, Carrerou Enterprises, LLC, Luxury Apartment Living LLC, Casa Acquisitions, LLC, Premier Construction A/C & Electrical LLC, and Premier Construction LLC), public records[2] identify both Defendant and Mrs. Carrerou as members, supporting Defendant and Mrs. Carrerou's tenancy by the entireties assertions as to those six limited liability companies.  Therefore, the undersigned recommends denying the motion for charging order as to those limited liability companies as there is a presumption, further supported by the Carrerous' affidavits, that those six limited liability companies are held jointly as tenenacy by the entireties.

As to the remaining four limited liability companies (Lake Sears Shores, LLC, Idylwild Luxury Homes, LLC, Mid-Horizon Investments, LLC, and Sands Aviation, LLC), Defendant and Mrs. Carrerou contend, as with the other entities, that after they were married they obtained ownership interests, as tenancies by the entireties, in the companies, that they have joint ownership and control over their ownership interests, and that their interests are identical and originated at the same time and from the same instrument.  However, the public records available for those entities do not reference Leah Carrerou as a member.

Given the accuracy required for the filing of limited liability company records with the

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Rule 201, Fed. R. Evid., the Court takes judicial notice of the public records available on the Florida Department of State, Division of Corporations website, http://dos.myflorida.com/sunbiz/, for the ten limited liability companies identified by Plaintiff.

Florida Department of State, *see e.g.*, Fla. Stat. 605.0205(3) ("An individual who signs a record authorized or required to be filed under this chapter affirms under penalty of perjury that the information stated in the record is accurate."), the Court concludes that the presumption that Defendant Carrerou's interests are held as tenancy by the entireties does not apply to those limited liability companies. *See In re Daniels*, 309 B.R. 54, 59 (Bankr. M.D Fla. 2004) (extending the presumption "only in the absence of any controlling statute, express agreement, account statement, or other governing indicia that explicitly establishes a form of ownership other than tenancy by the entireties"). Defendant Carrerou and Mrs. Carrerou were provided the opportunity when filing the required limited liability company records to reflect Mrs. Carrerou's alleged ownership interest in Lake Sears Shores, LLC, Idylwild Luxury Homes, LLC, Mid-Horizon Investments, LLC, and Sands Aviation, LLC, but, notably, none of the current records filed with the Florida Department of State reference any ownership interest by Mrs. Carrerou. Consequently, the Court recommends that the motion for charging order be granted as to those four limited liability companies, as the Court should not presume that they are held as tenancy by the entireties when the state records establish other ownership.

Accordingly, based on the current record and evidence before the Court, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Charging Order Against Oswald P. Carrerou's Interests in Limited Liability Companies (Doc. 145) be **GRANTED** as to Defendant Carrerou's interests in Lake Sears Shores, LLC, Idylwild Luxury Homes, LLC, Mid-Horizon Investments, LLC, and Sands Aviation, LLC, that the Court enter the proposed Charging Order attached to this Report and Recommendation as to those limited liability companies, and that the Court reserve jurisdiction to enter further

orders as necessary to enforce the Charging Order; that

(2)   the motion be **DENIED without prejudice** as to Defendant Carrerou's interests in Bretton Ridge LLC, Carrerou Enterprises, LLC, Luxury Apartment Living LLC, Casa Acquisitions, LLC, Premier Construction A/C & Electrical LLC, and Premier Construction LLC, but that Plaintiff be permitted to file a renewed motion, if appropriate, should further post-judgment discovery reveal evidence rebutting a presumption of tenancy by the entireties as to these six limited liability companies; and that

(3)   the motion be **GRANTED** as to Plaintiff's request for reasonable attorneys' fees and costs incurred in connection with filing this motion.

**Date: December 12, 2016**

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

6