UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                  Case No.: 8:15-cv-1462-T-30AAS

CRYSTAL CENTER, LLC, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Branch Banking and Trust Company's **Motion for Final Judgment in Garnishment Regarding Garnishee Pershing, LLC** (Doc. 260) and the **Response in Opposition** (Doc. 266) filed by Defendant Oswald Carrerou and Non-Party Leah Carrerou (together, "Carrerous").

**I.    Background**

This matter comes before the undersigned in relation to an August 4, 2016, judgment against Defendant Carrerou in the amount of $927,149.53 plus post-judgment interest (Doc. 45) and a subsequent award by the Court of attorneys' fees and costs in the amount of $64,918.35. (Doc. 103). Soon after the judgment was entered, Plaintiff began collection efforts.

On August 25, 2016, the Court issued a writ of garnishment against Pershing, LLC ("Garnishee"). (Doc. 65). Garnishee timely served an answer to the writ of garnishment on September 16, 2016. (Doc. 128). In the instant Motion for Final Judgment in Garnishment Regarding Garnishee Pershing, LLC (Doc. 260), Plaintiff now seeks final judgment in garnishment as to two of the three accounts held by Garnishee. An evidentiary hearing was held on the motion on July 28, 2017.

**II.    Findings of Fact**

1. On August 4, 2016, the Court entered a Final Judgment against Defendant Carrerou in the amount of $927,149.53, plus post-judgment interest. (Doc. 45). On July 25, 2017, upon the Joint Stipulation of Plaintiff, Defendant Carrerou, Leah Carrerou, and another Garnishee, Citizens Bank & Trust (Doc. 278), the undersigned granted final judgment in garnishment on the writ against Garnishee Citizens Bank & Trust in the amount of $5,841.18. (Doc. 281). Therefore, $921,308.35 of the awarded judgment, plus post judgment interest, remains outstanding.

2. Leah Carrerou is not a party to the judgment against her husband, Defendant Carrerou.

3. On August 19, 2016, Plaintiff filed an Ex-Parte Motion for Writs of Garnishment (Doc. 49), which was granted by the Court on August 24, 2016. (Doc. 52).

4. On August 25, 2016, the Court issued a writ of garnishment against Garnishee Pershing LLC. (Doc. 65).

5. The Writ of Garnishment was served on Garnishee on August 29, 2016. (Doc. 256 Ex. 1 at 2).

6. On September 1, 2016, Plaintiff served on Defendant Carrerou the Claim of Exemption Notice, pursuant to Section 77.041, Fla. Stat. (Doc. 77).

7. On September 16, 2016, Garnishee served its Answer to the Writ of Garnishment (Doc. 128), which stated, in pertinent part:

> Pershing is a clearing firm that provides clearing, custody and execution services and other financial solutions to registered broker dealers that introduce clients to Pershing. The Judgment Debtor maintains[,] in whole or part, the accounts identified on Schedule A, which are introduced to Pershing by Investors Capital Corp. The balance of the accounts, which hold securities and/or cash are identified on Schedule A. Pershing is unaware of any additional indebtedness to the Judgment Debtor.

> In compliance with the Garnishment, Pershing located and restricted withdrawals and transfers from the accounts listed on the attached Schedule A on August 30, 2016.

(Doc. 128 at 4).

   a. Schedule A, attached to the Answer, consisted of a spreadsheet identifying the following three accounts as belonging to Defendant Carrerou:

      i. Account ending in –0607, titled "OSWALD P. CARREROU LEAH J. CARREROU JT TEN PO BOX 334 WINTER HAVEN, FL 33882-0334," in the amount of $5,074.78;

      ii. Account ending in –0698, titled "IRA FBO OSWALD P CARREROU PERSHING LLC AS CUSTODIAN PO BOX 334 WINTER HAVEN FL33882-0334," in the amount of $11,877.04; and

      iii. Account ending in –0631, titled "SEP FBO OSWALD P CARREROU PERSHING LLC AS CUSTODIAN PO BOX 334 WINTER HAVEN FL 33882-0334," in the amount of $174,919.91.

(Doc. 128 at 5).

8. On September 20, 2016, Plaintiff mailed the Motion to Dissolve notice to the Carrerous. (Doc. 121).

9. On November 17, 2016, Defendant Carrerou filed a Claim of Exemption (Doc. 168) and, together with Non-Party Leah Carrerou, filed a Motion to Dissolve the Writ of Garnishment (Doc. 167), to which Plaintiff responded in opposition. (Docs. 177, 178).

10. On December 19, 2016, the Court denied the Claim of Exemption and Motion to Dissolve as time-barred. (Doc. 193).

11. On January 27, 2017, the Carrerous filed a Motion for Relief regarding the Court's Order denying the Claim of Exemption and Motion to Dissolve (Doc. 203), which was subsequently amended (Doc. 241),[1] and to which Plaintiff responded (Docs. 207, 251, 254).

12. On February 23, 2017, Plaintiff filed and served a Notice of Extension pursuant to Florida Statute § 77.07(5), thereby extending the Writ of Garnishment by six months. (Doc. 235).

13. On March 30, 2017, Plaintiff filed its Motion for Final Judgment in Garnishment Regarding Pershing, LLC (Doc. 260), to which the Carrerous responded on April 13, 2017 (Doc. 266).

14. The undersigned denied the Amended Motion for Relief on April 13, 2017. (Doc. 260).

15. At this time, Plaintiff seeks final judgment in garnishment as to the accounts held by Garnishee ending in –0698 and –0631.[2]

16. The account ending in –0698, titled "IRA FBO OSWALD P CARREROU . . ." is an Individual Retirement Account ("IRA").

    a. The –0698 IRA account was formed as a retirement account exempt from taxation by the Internal Revenue Service and, since its formation, has never subsequently been determined to be not exempt from taxation. *See* Fla. Stat. § 222.21(2)(a)(1).

    b. Defendant Carrerou is the sole owner of, and the only individual with an interest in, the –0698 IRA account.

17. The account ending in –0631, titled "SEP FBO OSWALD P CARREROU . . ." is a Simplified

---

[1] The Carrerous' initial motion was filed on February 2, 2017 (Doc. 203), Plaintiff responded (Doc. 207), and the undersigned set the motion for hearing (Doc. 234). Subsequently, the Carrerous filed the Amended Motion and the Court denied the initial motion as moot. (Docs. 241, 246).

[2] Plaintiff stated at the hearing that it does not waive its right to seek final judgment as to the third account, ending in –0607, but that it is not seeking final judgment in garnishment regarding that account at this time.

4

Employee Pension ("SEP") account, which is a type of IRA account.

    a. The –0631 SEP account was formed as a retirement account exempt from taxation by the Internal Revenue Service and, since its formation, has never subsequently been determined to be not exempt from taxation. *See* Fla. Stat. § 222.21(2)(a)(1).

    b. Defendant Carrerou is the sole owner of, and the only individual with an interest in, the –0631 SEP account.

## III. Conclusions of Law

### A. Applicable Law

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides that "[e]very person or entity who . . . has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person . . . , and any tangible or intangible personal property of defendant in the possession or control of a third person." Fla. Stat. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The writ must direct the garnishee to answer the writ within twenty days and state the amount named in the judgment creditor's motion. Fla. Stat. § 77.04.

After issuance of the writ, "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla.

Stat. 77.041(2). The Notice to Defendant states, in pertinent part:

> IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS.

Fla. Stat. § 77.041(1). Relevant to the two accounts at issue in the instant motion for final judgment, Florida law exempts from attachment by creditors certain retirement accounts that are designated tax-exempt by the Internal Revenue Service. *See* Fla. Stat. § 222.21(2)(a).

Service of the writ on the garnishee makes the garnishee "liable for all debts due by [the garnishee] to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control . . . . and creates a lien in or upon any such debts or property." Fla. Stat. § 77.06(1). Then,

> [w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.

Fla. Stat. § 77.055. The defendant (or any other person having ownership of the property) then has twenty days in which to file a motion to dissolve the writ of garnishment. Fla. Stat. § 77.07(2). "Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by

the court, and the proceedings shall be in a default posture as to the party involved." *Id.*

The plaintiff has six months from issuance of the writ to file either a dismissal of the writ or a motion for final judgment on the writ; Plaintiff may extend the writ by an additional six months upon notice to the garnishee and defendant. Fla. Sta. § 77.07(5).

B.  Discussion

In this case, Plaintiff filed an appropriate *ex parte* motion for writ of garnishment against Garnishee. The undersigned granted the motion and the writ was entered. Garnishee timely filed an answer, indicating that it held three accounts owned "in whole or part" by Defendant Carrerou. (Doc. 128 at 4). Plaintiff complied with its obligations to provide notice to the Carrerous pursuant to Sections 77.041(1) and 77.055, Fla. Stat. Plaintiff also timely complied with the statutory requirement for extending the writ. *See* Fla. Stat. § 77.07(5)

Defendant Carrerou, however, filed his claim of exemption as to the writ against Garnishee on November 17, 2016, approximately two months late. The Carrerous also moved for dissolution of the writ against Garnishee the same day, which was approximately one month late. The Carrerous acknowledged that the claim of exemption form and motion to dissolve were untimely, but asserted that the untimely filings were excusable due to an unintentional calendaring error by their counsel of record. The undersigned denied the claim of exemption and the motion to dissolve as untimely (Doc. 193) and subsequently denied the Carrerous' motion for reconsideration (Doc. 268).

Plaintiff contends that, because the Carrerous' claim of exemption and motion to dissolve were denied, final judgment should be entered in favor of Plaintiff on the writ of garnishment. The Carrerous argue that the two accounts at issue are retirement accounts exempt from attachment

pursuant to Section 222.21(2)(1), Fla. Stat., and contend that the undersigned's denial of the claim of exemption and the Carrerous' motion to dissolve does not relieve the Court from the responsibility of resolving the exemption issue on the merits. The parties' arguments are not new to the undersigned, as they are, for the most part, merely a continuance of the arguments presented for and against the motions to dissolve and for reconsideration.

In the motion for reconsideration, the Carrerous argued that the "three accounts held [by Garnishee] are retirement accounts, and one such retirement account is held as joint tenancy by the entirety, and therefore exempt from execution." (Doc. 241 at 2). In part D of the April 21, 2017 Order denying reconsideration, the undersigned articulated concern regarding the interests of joint depositors with regard to the accounts identified in Garnishee's answer (as well as accounts identified by other garnishees that were also addressed in that Order). Citing *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956- CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009), the undersigned explained that "the Court is required to, and will, conclusively adjudicate the interests of joint depositors in accounts subject to the writ before entering final judgment in garnishment." (Doc. 268 at 11).

In *Bernal*, the defendants did not file a motion to dissolve the writ of garnishment as to bank accounts held by the garnishee. *Bernal*, 2009 WL 586010, at *2. However, the garnishee bank's answer identified the owners of the account as the judgment-debtor and his wife, who was not a party to the judgment. *Id.* at *5. Because Florida law exempts property held as tenancy by the entirety from garnishment for the debt of only one spouse, the court in Bernal explained that, even though the issue of ownership was not raised by the wife, the bank's answer raised the question of ownership and the court was required to resolve the issue on the merits. *Id.* at *5, 7.

As in *Bernal*, Leah Carrerou is not a party to the judgment against her husband, Defendant Carrerou. Further, Garnishee's answer to the writ somewhat ambiguously stated that "[t]he Judgment Debtor maintains[,] in whole or part, the accounts identified on Schedule A." (Doc. 128 at 4). Although the spreadsheet attached as Schedule A to the answer indicated that only one of the accounts—the account ending in –0607 (on which final judgment in garnishment is not sought at this time)—was held jointly (Doc. 128 at 5), in an abundance of caution, and in light of *Bernal*, the undersigned held an evidentiary hearing to conclusively determine the ownership interests of the –0698 and –0631 accounts held by Garnishee. As detailed in the findings of fact above, the undersigned determined that the accounts numbered –0698 and –0631 are retirement accounts exempt from taxation by the Internal Revenue Service and are owned exclusively by Defendant Carrerou.

However, although the accounts are exempt from taxation and appear to satisfy Section 222.21(2)(a), Fla. Stat., the undersigned recommends that the Court find the accounts are not exempt from attachment in this case. As explained in the undersigned's December 19, 2016 Order denying the claim of exemption and motion to dissolve as untimely, "[t]he Florida statutes are clear in their requirement for filing claims of exemption and motions to dissolve within twenty days and do not provide a procedure for untimely filings." (Doc. 193 at 4). *See also* Fla. Stat. §§ 77.041, 77.07(2); *Zivitz v. Zivitz*, 16 So. 3d 841, 847-48 (Fla. 2d DCA 2009). "It is fundamental that garnishment statutes must be strictly construed." *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 86 (Fla. 3d DCA 2013). *See also Branch Banking and Trust, Co. v. Park Circle, LLC*, No. 2:13–cv–25–FtM–38CM, 2014 WL 4059937, at *2 (M.D. Fla. Aug. 15, 2014).

9

The situation currently presented is not one where, for example, a joint depositor, who was a non-party to a judgment and unaware of the garnishment of the bank account in which he held an interest, failed to file an affidavit or appropriate motion for dissolution of the writ. *See, e.g.*, *Antuna v. Dawson*, 459 So. 2d 1114 (Fla. 4th DCA 1984). Instead, here, the only ownership interest in the accounts at issue belongs to Defendant Carrerou, who knew about the writ and was provided appropriate notice and statutory opportunity to claim exemption and move to dissolve the writ. By failing to timely file the claim of exemption and motion to dissolve, Defendant Carrerou forfeited his claim of exemption and opportunity to dissolve the writ with regard to the retirement accounts at issue.

Nor is the Carrerous' excusable neglect argument persuasive. *See e.g.*, *Park Circle*, 2014 WL 4059937, at *2 (denying as untimely claim of exemption signed immediately after receipt of the notice but filed approximately one month late by counsel). The undersigned notes that the Carrerous' delay was substantial, especially considering the relatively short time frame—a maximum twelve months pursuant to Section 77.07(5), Fla. Stat.—permitted to a plaintiff by Florida law to undertake discovery in relation to the information revealed in a garnishee's answer or in relation to any exemptions or ownership disputes presented by third parties, defend against any exemptions or third party ownership interests claimed, and move for final judgment on the writ. Moreover, permitting judgment-debtors to exceed the clearly stated statutory deadlines would "render meaningless the time requirements established in the statute for filing claims of exemptions . . . . Such a result would prolong garnishment proceedings and would go against the long-established principle that courts should avoid construing a statute in a manner that renders a portion of the statute meaningless." *Zivitz*, 16 So. 3d at 847.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Final Judgment in Garnishment Regarding Garnishee Pershing, LLC (Doc. 260) be **GRANTED** in Plaintiff's favor and **JUDGMENT IN GARNISHMENT** be entered against Garnishee Pershing, LLC, in the amount of $11,877.04 (account –0698) and $174,919.91 (account –0631);[3] and

(2) the writ of garnishment against Garnishee Pershing, LLC, remain in place as to the account ending in –0607, pursuant to Section 77.07(5), Fla. Stat.

**Date: August 10, 2017.**

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

---

[3] The undersigned notes that Plaintiff requests that Garnishee Pershing, LLC, be required to pay Plaintiff, via wire transfer, the total sum awarded in garnishment within five days of any final order entering judgment in garnishment against Garnishee.

11