UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
the FDIC as Receiver for Colonial Bank,
successor by merger to Citrus and
Chemical Bank,

Case No.: 8:15-cv-1462-T-30ASS

       Plaintiff,

v.

CRYSTAL CENTRE, LLC,
a Florida limited liability company,
OSWALD P. CARREROU, individually,
and DONALD K. STEPHENS, individually,

      Defendants,

TD AMERITRADE, INC.,

      Garnishee.

_____/

**PLAINTIFF BRANCH BANKING AND TRUST COMPANY'S MOTION FOR
FINAL JUDGMENT IN GARNISHMENT REGARDING GARNISHEE TD
AMERITRADE, INC. WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff Branch Banking and Trust Company ("BB&T"), by and through its undersigned

counsel, hereby files this Motion for Final Judgment in Garnishment Regarding Garnishee TD

Ameritrade, Inc. (the "Garnishee"), and states the following:

**SUMMARY OF ARGUMENT**

The Claims of Exemption and Motions to Dissolve of the Judgment-Debtor and Leah

Carrerou are time-barred. BB&T is entitled to a Final Judgment in Garnishment in the amount of

$31,419.00.

## BACKGROUND

1.    On August 4, 2016, the Court entered a Final Judgment against Oswald P. Carrerou (the "Judgment-Debtor") in the amount of $927,149.53, plus post-judgment interest (the "Judgment").  (Doc. 45).

2.    On August 25, 2016, the Court issued a Writ of Garnishment directed to the Garnishee (the "Writ of Garnishment").  The Writ of Garnishment was served on the Garnishee on August 29, 2016.

3.    On September 2, 2016, the Garnishee filed its Answer to the Writ of Garnishment (the "Answer") in accordance with Fla. Stat. § 77.06(2).  (Doc. 82).  The Answer identified one brokerage account bearing account number XXX-XX6950, in the name of OSWALD CARREROU and LEAH CARREROU JOINT TENANTS WROS ("TD Account 6950"), which had a value of $31,419.00 as of August 29, 2016.  (Doc. 82, ¶¶2-3).

4.    On November 17, 2016, the Judgment-Debtor filed a Claim of Exemption regarding TD Account 6950 (the "Claim of Exemption") (Doc. 172) and, he, together with Leah Carrerou, filed a Motion to Dissolve the Writ of Garnishment (the "Motion to Dissolve") (Doc. 173).

5.    On December 1, 2016, BB&T filed its Sworn Objection and Statement Regarding the Claim of Exemption (Doc. 177) and Response in Opposition to the Claim of Exemption and Motion to Dissolve (Doc. 179).

6.    On December 19, 2016, the Court denied the untimely Claim of Exemption and Motion to Dissolve and explained:

> Defendant Carrerou and Mrs. Carrerou filed their claims of exemption on November 17, 2016, almost two months after the twenty-day deadline specified by statute.  Defendant Carrerou and Mrs. Carrerou's motions to dissolve were also filed on November 17, 2016, one to two months after each respective deadline.  Defendant Carrerou and Mrs. Carrerou concede the claims of exemption forms and motions to dissolve were filed late.

(Docs. 167 at 2, 169 at 2, 171 at 2, 173 at 2). As justification for their delay, Defendant Carrerou and Mrs. Carrerou assert excusable error, contending that the delay in filing the exemption forms and motions to dissolve was the result of an unintentional calendaring error by their counsel of record.

However, as Plaintiff points out, '[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.'" *Branch Banking and Trust, Co. v. Park Circle, LLC*, No. 2:13–cv–25–FtM–38CM, 2014 WL 4059937, at *2 (M.D. Fla. Aug. 15, 2014) (quoting *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009)). The Florida statutes are clear in their requirement for filing claims of exemption and motions to dissolve within twenty days and do not provide a procedure for untimely filings. Fla. Stat. §§ 77.041, 77.07(2); *see Zivitz*, 16 So. 3d at 847-48.'

(Doc. 193 at pp. 4-5).

7.    Under Florida law, the time-barred Claim of Exemption has been abandoned, and BB&T is entitled to a Final Judgment in Garnishment in the amount of $31,419.00.

## MEMORANDUM OF LAW

### (i)    Application of Florida Law

Florida law applies to these garnishment proceedings. "'Under Fed.R.Civ.P. 69, state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law.' *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n. 22 (11th Cir.1997). Florida law provides for the remedy of garnishment pursuant to Fla. Stat. § 77.01 et. seq." *Park Circle*, at *1. "This court must look to Florida law in reviewing an application for writ of garnishment, a claim of exemption, and an application for writ of execution. Chapter 77 of the Florida Statutes prescribes the relevant procedures for issuance and enforcement of writs of garnishment." *Hendricks & Lewis, PLLC v. Clinton*, 4:10MC55-SPM/WCS, 2011 WL 4861855, at *2–3 (N.D. Fla. Aug. 9, 2011), *report and recommendation adopted*, 4:10MC55-SPM/WCS, 2011 WL 4861844 (N.D. Fla. Oct. 13, 2011).

**(ii)      BB&T is entitled to a Final Judgment in Garnishment**

This Court has already determined that the Judgment-Debtor's Claim of Exemption is time-barred under Florida law. (Doc. 193 at pp. 4-5). As a result, the Claim of Exemption is treated as abandoned, and BB&T is entitled to a Final Judgment in Garnishment. *See Zivitz; Clinton*; *Park Circle*; Fla. Stat. § 77.041(1). In *Zivitz*, the trial court denied the debtor's homestead claim of exemption and motion to dissolve because they were untimely, and entered a final judgment directing the garnishee to disburse the garnished funds ($190,388.53) to the plaintiffs. *Id.* at 845-846, n.7. The trial court rejected the debtor's contention that "his failure to comply with the time requirements set forth in section 77.041 did not *require* or *mandate* the trial court to enter a garnishment judgment against him." (Emphasis in original). *Id.* at 845-846. The court also rejected the debtor's argument that he "could still get a hearing on the issue of whether the proceeds held by [the garnishee] were protected by the homestead exemption." *Id*. The trial court explained, "section 77.041 repeatedly used the word 'must' when identifying the actions a garnishment defendant must proactively take to protect wages, money, or property from garnishment. Therefore, the court concluded that the time constraints set forth in section 77.041 were **mandatory** and must be **strictly enforced**. Consequently, because [the debtor] had failed to file a timely exemption claim, he had **lost the ability to claim** any purported homestead protection over the monies." (Emphasis added). *Id.*

The Second District Court of Appeal affirmed the trial court's holding and reasoning in *Zivits*, and further explained: "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute. Further, when the legislature has not defined a word used in a statute, such word should be given its plain and ordinary meaning. Here, section 77.041(1) clearly provides that a garnishment defendant *must* complete and file a claim of exemption and request for hearing within twenty days after receiving a notice of garnishment or

else he *may* lose important rights to his property.  The word 'must' typically implies a command or requirement." (Emphasis in original).  *Id.* at 847.  "Therefore, the garnishment statute commanded or required [the debtor] to timely assert any applicable exemptions-including the homestead exemption-to protect the monies at issue.  **To interpret the statute otherwise would render meaningless the time requirements established in the statute for filing claims of exemptions and would result in garnishment defendants filing untimely exemption claims. Such a result would prolong garnishment proceedings and would go against the long-established principle that courts should avoid construing a statute in a manner that renders a portion of the statute meaningless."** (Emphasis added).  *Id.* at 847.  **"We also note that section 77.041 does not provide a procedure for a garnishment defendant to file an untimely exemption claim.**  Rather, it warns that the person can lose important rights by failing to file a timely exemption.  Therefore, the trial court's interpretation of the statute was correct." (internal citations omitted).  *Id.* at 847.  The appellate court also expressly rejected the debtor's argument that use of the phrase 'may lose important rights' in section 77.041(1) negates the necessity for timely compliance with the statutory time frame set forth in the garnishment statute. The appellate court explained, "[t]he inclusion in the statute of a warning that a person 'may lose important rights' by not filing a timely exemption can be easily explained: the warning is included because the mere filing of a claim of exemption does not mean that the person is definitely entitled to the claimed exemption. A person may or may not ultimately qualify for the particular exemption that he has claimed. Regardless, that person **must timely claim that exemption in order to proceed,** which [the debtor] failed to do." (Emphasis added).  *Id.* at 847. While expressly acknowledging the importance of a homestead exemption, the appellate court confirmed that it was neither necessary nor appropriate to further address the claim of exemption because it was time-barred under Florida law.  *Id.* at * 848, n.6.  The appellate court noted that

permitting an untimely exemption would defy the plain language of the garnishment statutes. *Id.* at * 848.   The court also noted that the homestead exemption could be abandoned or waived, and that, "if the legislature had intended to allow a garnishment defendant to assert a belated homestead exemption claim, it would have so provided in section 77.041." *Id.*

The Northern District of Florida's holding in *Clinton* further confirms that the time-barred claims of exemption are treated as abandoned, and BB&T is entitled to a Final Judgment in Garnishment.   In *Clinton*, the plaintiff obtained a writ of garnishment against the judgment-debtor's bank accounts. *Id.* at * 1.   The garnishee answered the writ and identified two bank accounts in the amounts of $107,196.09 and $1,278.17. *Id.* at * 3.   The judgment-debtor failed to file any claims of exemption within the applicable twenty-day period, and the clerk entered a default. *Id.* at * 1.   Thereafter, the plaintiff moved for a final default judgment in garnishment. *Id.*   The judgment-debtor moved to set aside the default; claimed that the bank accounts consisted of exempt social security benefits and funds belonging to a limited liability company; and, indicated that his failure to timely file his exemptions was not willful or culpable. *Id.* at * 1-2, n.4.   The court agreed to set aside the default, noting that the judgment-debtor "set forth a defense that should be resolved on the merits rather than through default." (Emphasis added). *Id.* at * 2, n.3.   Based on the foregoing, the judgment-debtor's claims of exemption were accepted "as filed." *Id.* at n.3.   However, the court further explained, **"[r]elieving the Defendant of the default judgment does not necessarily mean that the claimed exemptions are valid or were timely raised such that the bank account should not be garnished."** (Emphasis added). *Id.* at * 2.   The court acknowledged that it "must look to Florida law in reviewing an application for writ of garnishment, a claim of exemption, and an application for writ of execution.   Chapter 77 of the Florida Statutes prescribes the relevant procedures for issuance and enforcement of writs of garnishment." *Id.*   "Florida law requires garnishment

statutes to be strictly construed." *Id*. The Florida garnishment statutes do not provide a procedure to file an untimely exemption claim. *Id*. The court should not construe statutes in a manner that would render a portion of the statute meaningless. *Id*. (citing *Zivits* and expressly recognizing its finding that that claims of exemption not filed within the applicable twenty-day period are deemed abandoned). Based on the foregoing, the court confirmed that the claims of exemption were time-barred under Florida law, and therefore, it was neither necessary nor appropriate to further address them. *Id*. As a result, the court entered a final judgment in garnishment in favor of the plaintiff in the amount of the accounts ($108,474.26). *Id*.

This Court has also recognized that, under Florida law, an untimely claim of exemption must be denied, and therefore, the judgment-debtor is not entitled to a "hearing to decide the validity of his claim." *Park Circle*, at *1–2. In *Park Circle*, BB&T obtained a judgment against the judgment-debtor and obtained writs of garnishment directed to his bank accounts. *Id*. at * 1. The judgment-debtor filed a claim of exemption approximately three weeks late, and claimed that the funds were exempt disability income benefits. *Id*. The judgment-debtor requested a "hearing to decide the validity of his claim." *Id*. The Court rejected the claim of exemption and the request for a hearing. *Id*. The Court explained, "if [the judgment-debtor] wished to claim an exemption from garnishment, it was due to be filed … 20 days after receipt." *Id*. at * 1-2. The Court also explained that, even though the judgment-debtor had timely completed and signed the claim of exemption the day after he received the notice of the writ, the judgment-debtor's counsel failed to file it on time. *Id*. at * 1.[1] The Court recognized, under Florida law, "garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Id*. The Court relied on *Zivitz*, explaining, "[s]imilar to this case, the defendant in

---

[1] Notably, in the instant case, the Judgment-Debtor also attributes the untimely filings to his counsel, and this Court rejected his argument. (Doc. 193 at pp. 4-5).

*Zivitz* failed to file a timely exemption claim.  The trial court struck the belated filings and order[ed] and the garnishee to disburse the monies being held." *Park Circle*, at * 1.  "Applying the principles of strict construction, the appellate court [in *Zivitz*] concluded that under the facts of the case and the clear language of the garnishment statute, defendant abandoned his exemption claim by failing to timely file the claim." *Id.* at * 1.  In accordance with the controlling Florida law, this Court concluded, "[i]n this case, [the judgment-debtor's] claim of exemption was filed with the Clerk nearly one month after the 20–day deadline set forth in the garnishment statute, which *requires* that the claim be timely filed.  Thus, the claim of exemption is denied." *Id.* at * 2.  Based on the forgoing, in the instant matter, the Judgment-Debtor's time-barred Claim of Exemption has been abandoned.

**(iii)** **BB&T is entitled to a Final Judgment in Garnishment in the Amount of $31,419.00**

Under Florida law, "[s]ervice of the writ shall make the garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer.  Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control." Fla. Stat. § 77.06(1).  Pursuant to Fla. Stat. § 77.083, BB&T is entitled to a judgment against the Garnishee on the Garnishee's Answer in the amount of the Garnishee's liability, as disclosed by the Answer.  Here, the Garnishee's Answer demonstrates that the Garnishee is liable for the amounts of $31,419.00.  Pursuant to Fla. Stat. § 77.06(1), the Garnishee is liable to BB&T for the $31,419.00, and BB&T has a lien on the $31,419.00.  Based on the foregoing, BB&T is entitled to a Final Judgment in Garnishment on the Garnishee's Answer in the amount of $31,419.00.

## CONCLUSION

BB&T is entitled to a Final Judgment in Garnishment in the amount of $31,419.00.

**WHEREFORE,** Plaintiff Branch Banking and Trust Company requests that the Court:

(i)     Grant Branch Banking and Trust Company's Motion for Final Judgment in Garnishment;

(ii)    Enter a Final Judgment in favor of Branch Banking and Trust Company in, ordering Garnishee to pay to Branch Banking and Trust Company's counsel, Roetzel & Andress, LPA, via wire transfer, within five (5) business days, the total sum of $31,419.00;

(iii)   Find that, Branch Banking and Trust Company is entitled to recover from Judgment-Debtor Oswald P. Carrerou, Leah J. Carrerou, the reasonable costs and attorney's fees that Branch Banking and Trust Company incurred in connection with obtaining the relief requested herein pursuant to Fla. Stat. § 57.115(1) ("[t]he court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment"), with the amounts of such costs and fees to be determined upon Branch Banking and Trust Company's filing of a separate motion for costs and fees; and,

(iv)    Grant to Branch Banking and Trust Company, such other relief that the Court deems appropriate.

Respectfully submitted,

/s/ *Robert Malani*
W. Glenn Jensen, Esquire
Florida Bar No. 0126070
gjensen@ralaw.com
Robert Malani, Esquire
Florida Bar No. 52304
rmalani@ralaw.com
**ROETZEL & ANDRESS, LPA**
200 South Orange Avenue
SunTrust Center, Suite 1000

Orlando, Florida 32801
Telephone: (407) 896-2224
Facsimile: (407) 835-3596
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 23rd day of August, 2017, the foregoing was filed through the CM/ECF system, and that the foregoing was served to those as indicated in the following Service List.

/s/ *Robert Malani*
Robert Malani

## SERVICE LIST

| |
|---|
| **VIA CM/ECF** |
| Katie Brinson Hinton, Esq. |
| Richard J. McIntyre, Esq. |
| McIntyre Thanasaides Bringgold |
| katie@mcintyrefirm.com |
| rich@mcintyrefirm.com |

11833113 _1