UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRANCH BANKING AND TRUST COMPANY,**

    Plaintiff,

v.                                                    Case No.: 8:15-cv-1462-T-30AAS

**CRYSTAL CENTER, LLC,** *et al.,*

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the court is Branch Banking and Trust Company's ("BB&T") **Motion for Final Judgment in Garnishment Regarding Garnishee TD Ameritrade** (Doc. 292), the **Response in Opposition** (Doc. 305) filed by Oswald Carrerou and non-party Leah Carrerou (together, "Carrerous"), and BB&T's **Reply** (Doc. 333).

**I.    Background**

This matter comes before the undersigned in relation to an August 4, 2016, judgment against Mr. Carrerou in the amount of $927,149.53 plus post-judgment interest (Doc. 45) and a subsequent award of attorney's fees and costs in the amount of $64,918.35. (Doc. 103). Immediately after the judgment was entered, BB&T began collection efforts.

On August 25, 2016, the court issued a writ of garnishment against TD Ameritrade. (Doc. 53). TD Ameritrade timely served an answer to the writ of garnishment. (Doc. 82). In the instant Motion for Final Judgment in Garnishment Regarding TD Ameritrade (Doc. 292), BB&T now seeks final judgment in garnishment as to a brokerage account held by TD Ameritrade. The court held an evidentiary hearing on the motion on November 13, 2017.

1

**II.     Procedural History**

1. On August 4, 2016, the Court entered a Final Judgment against Defendant Carrerou in the amount of $927,149.53, plus post-judgment interest. (Doc. 45). On July 25, 2017, upon the Joint Stipulation of BB&T, Mr. Carrerou, Mrs. Carrerou, and another Garnishee, Citizens Bank & Trust (Doc. 278), the undersigned granted final judgment in garnishment on the writ against Garnishee Citizens Bank & Trust in the amount of $5,841.18. (Doc. 281). Therefore, $921,308.35 of the awarded judgment, plus post judgment interest, remains outstanding.[1]

2. Mrs. Carrerou is not a party to the judgment against her husband Mr. Carrerou.

3. On August 19, 2016, BB&T filed an Ex-Parte Motion for Writs of Garnishment (Doc. 49), which was granted by the Court on August 24, 2016. (Doc. 52).

4. On August 25, 2016, the court issued a writ of garnishment against Garnishee TD Ameritrade (Doc. 53).

5. BB&T served the Writ of Garnishment on TD Ameritrade on August 29, 2016. (Doc. 82, p. 2).

6. On September 1, 2016, BB&T served on Mr. Carrerou the Claim of Exemption Notice, pursuant to Section 77.041, Fla. Stat. (Doc. 77).

7. On September 2, 2016, TD Ameritrade served its Answer to the Writ of Garnishment (Doc. 82).

8. In its answer, TD Ameritrade stated that Mr. Carrerou maintained a brokerage account at TD Ameritrade bearing the account number XXX-XX6950 in the name of OSWALD

---

[1] The Court also granted final judgment as to two accounts held at Garnishee Pershing LLC for $11,877.04 and $174,919.91. (Doc. 300). That order is currently on appeal. (Doc. 324).

2

CARREROU and LEAH CARREROU JOINT TENTANTS WROS. (Doc. 82, pp. 1–2). TD Ameritrade also stated that as of market close on September 2, 2016, the value of the brokerage account was $30,819.14. (*Id.* at 2).

9. On September 8, 2016, BB&T mailed the Motion to Dissolve notice to Mr. Carrerou. (Doc. 96).

10. On November 17, 2016, Mr. Carrerou filed a Claim of Exemption (Doc. 172) and, together with non-party Mrs. Carrerou, filed a Motion to Dissolve the Writ of Garnishment (Doc. 171), to which BB&T responded in opposition. (Docs. 179).

11. On December 19, 2016, the court denied the Claim of Exemption and Motion to Dissolve as time-barred. (Doc. 193).

12. On January 27, 2017, the Carrerous filed a Motion for Relief regarding the court's order denying the Claim of Exemption and Motion to Dissolve (Doc. 203), the Carrerous subsequently amended that motion. (Doc. 241).[2] Then Plaintiff opposed both the original motion and the amended motion. (Docs. 207, 251, 254).

13. On February 23, 2017, BB&T filed and served a Notice of Extension pursuant to Florida Statute § 77.07(5), thereby extending the Writ of Garnishment by six months. (Doc. 235).

14. The undersigned denied the Amended Motion for Relief on March 3, 2017. (Docs. 241, 268).

15. On August 23, 2017, BB&T filed its Motion for Final Judgment in Garnishment Regarding Garnishee TD Ameritrade (Doc. 292), to which the Carrerous responded (Doc. 305). After the

---

[2] The Carrerous' initial motion was filed on January 27, 2017 (Doc. 203), Plaintiff responded (Doc. 207), and the undersigned set the motion for hearing (Doc. 234). Subsequently, the Carrerous filed the Amended Motion and the Court denied the initial motion as moot. (Docs. 241, 246).

3

Court granted leave, BB&T replied to the Carrerous' response. (Doc. 333).

16. At this time, BB&T seeks final judgment in garnishment as to the brokerage account held by TD Ameritrade.

### III.    Analysis

####     A.    Applicable Law

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides that "[e]very person or entity who . . . has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person . . . , and any tangible or intangible personal property of defendant in the possession or control of a third person." Fla. Stat. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The writ must direct the garnishee to answer the writ within twenty days and state the amount named in the judgment creditor's motion. Fla. Stat. § 77.04.

After issuance of the writ, "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla. Stat. 77.041(2). The Notice to Defendant states, in pertinent part:

> IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST

> COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS.

Fla. Stat. § 77.041(1).

Relevant to the brokerage account at issue in the instant motion for final judgment, Florida law exempts accounts held by husband and wife as tenants by the entirety except where the debt is incurred by both spouses. *Antuna v. Dawson*, 459 So. 2d 1114, 1117–18 (Fla. 4th Dist. Ct. App. Nov. 14, 1984) (citations omitted).

Service of the writ on the garnishee makes the garnishee "liable for all debts due by [the garnishee] to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control . . . . and creates a lien in or upon any such debts or property." Fla. Stat. § 77.06(1). Then,

> [w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.

Fla. Stat. § 77.055. The defendant (or any other person having ownership of the property) then has twenty days in which to file a motion to dissolve the writ of garnishment. Fla. Stat. § 77.07(2). "Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved." *Id.*

5

While the debtor must adhere to the time restrictions in Florida Statute § 77, "before a final judgment authorizing the judgment creditor to reach funds held by the garnishee is entered, the interests of [a joint depositor] in the funds should be conclusively determined and the applicable law applied thereto." *Huckabee v. PIC Investigations Corp.*, 262 So. 2d 474 (Fla. 3d Dist. Ct. App. May 23, 1972) (citation omitted).

The plaintiff has six months from issuance of the writ to file either a dismissal of the writ or a motion for final judgment on the writ; the plaintiff may extend the writ by an additional six months upon notice to the garnishee and defendant. Fla. Sta. § 77.07(5).

B.     Discussion

In this case, BB&T filed an appropriate ex parte motion for writ of garnishment against TD Ameritrade. The undersigned granted the motion and the writ was entered. TD Ameritrade timely filed an answer, indicating that it had a brokerage account owned and maintained by Mr. and Mrs. Carrerou. (Doc. 82). BB&T complied with its obligations to provide notice to Mr. Carrerou pursuant to Sections 77.041(1) and 77.055, Fla. Stat. BB&T also timely complied with the statutory requirement for extending the writ and filing a motion for final judgment. Fla. Stat. § 77.07(5).

Mr. Carrerou, however, filed his claim of exemption as to the writ against TD Ameritrade on November 17, 2016, approximately two months late. (Doc. 172). The Carrerous also moved for dissolution of the writ against TD Ameritrade the same day, which was approximately one month late. The Carrerous acknowledged that the claim of exemption form and motion to dissolve were untimely, but asserted that the untimely filings were excusable due to an unintentional calendaring error by their counsel of record. The undersigned denied the claim of exemption and

the motion to dissolve as untimely (Doc. 193) and subsequently denied the Carrerous' motion for reconsideration (Doc. 268).

BB&T contends that, because the Carrerous' claim of exemption and motion to dissolve were denied, final judgment should be entered in favor of BB&T on the writ of garnishment. The Carrerous argue that the account is a brokerage account held in tenants by the entirety making it exempt under Florida law from Mr. Carrerou's judgment creditor. The Carrerous also contend that the undersigned's denial of the claim of exemption and the Carrerous' motion to dissolve does not relieve the Court from the responsibility of resolving the exemption issue on the merits. The parties' arguments are not new to the undersigned, as they are, for the most part, merely a continuance of the arguments presented for and against the motions to dissolve and for reconsideration.

In the motion for reconsideration, the Carrerous argued that the "one account held at TD Ameritrade is held as joint tenancy by the entirety, and therefore exempt from execution." (Doc. 241, p. 3). In part D of the April 21, 2017 Order denying reconsideration, the undersigned articulated concern regarding the interests of joint depositors with regard to the account identified in TD Ameritrade answer (as well as accounts identified by other garnishees that were also addressed in that Order). The undersigned explained that "the Court is required to, and will, conclusively adjudicate the interests of joint depositors in accounts subject to the writ before entering final judgment in garnishment." (Doc. 268 at 11) (citing *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956- CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009)).

In *Bernal*, the defendants did not file a motion to dissolve the writ of garnishment as to bank accounts held by the garnishee. 2009 WL 586010, at *2. However, the garnishee bank's

answer identified the owners of the account as the judgment-debtor and his wife, who was not a party to the judgment. *Bernal*, 2009 WL 586010, at *5. Because Florida law exempts property held as tenancy by the entirety from garnishment for the debt of only one spouse, the court in *Bernal* explained that, even though the issue of ownership was not raised by the wife, the bank's answer raised the question of ownership and the court was required to resolve the issue on the merits. *Id.* at *5, 7.

As in *Bernal*, Leah Carrerou is not a party to the judgment against her husband Mr. Carrerou. Consistent with *Bernal*, the undersigned held an evidentiary hearing to conclusively determine the ownership interests of the jointly held brokerage account held at TD Ameritrade. After considering the evidence put forth by the Carrerous at the evidentiary hearing, I conclude that the Carrerous have established by a preponderance of the evidence that the brokerage account held at TD Ameritrade is held in joint tenancy by the entirety.

The facts of *Beal Bank v. Almand and Associates* are very similar to the facts in this case. 780 So. 2d 45 (Fla. 2001). There, a creditor bank sought to garnish several bank accounts held by the debtors and their wives. *Id.* at 49. The signature cards to the bank accounts failed to specify whether the accounts were held in joint tenancy by the entirety or in joint tenancy with rights of survivorship. *Id.* The trial court held an evidentiary hearing to determine the ownership type of the relevant bank accounts. *Id.* at 50. At the hearing, one debtor testified that it was his intent to have the bank accounts belong to the debtor and his wife as a whole. *Id.* at 50–51. The other debtor testified that he and his wife opened the bank accounts with the intent that "everything that we put into the bank was ours"; that each would control the funds in the account; that each were entitled to the funds; that they owned the property together; and that they had the same interest in

8

the funds. *Beal Bank*, 780 So. 2d at 51. This testimony by the debtors constituted "competent substantial evidence . . . to support the trial court's findings that each of these accounts constituted a tenancy by the entireties." *Id.* at 62.

In *Beal Bank*, the Florida Supreme Court held that if the signature card of a bank account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the names of two spouses is held as a tenancy by the entireties as long as the account is established by both spouses "in accordance with the unities of possession, interest, title, and time and with right of survivorship." *Id.* at 58. Here, neither the Carrerous nor TD Ameritrade produced the documents the Carrerous completed when they opened up the brokerage account. Therefore, the Carrerous are not entitled to the presumption that the account is held in joint tenancy by the entirety. Without this presumption, the Carrerous had the burden of establishing a tenancy by the entireties by a preponderance of the evidence. *Id.* at 61.

At the evidentiary hearing, the court heard testimony from Mr. Carrerou as well as testimony from Mrs. Carrerou. (Doc. 351). Mrs. Carrerou testified that she married Mr. Carrerou in 1986 and opened up the brokerage account at TD Ameritrade (then TD Waterhouse) with her husband in 1997. (*Id.* at 26–27). Mrs. Carrerou testified she and her husband opened the account as a joint account and she intended the account to be held as joint tenancy by the entirety. (*Id.* at 27). She testified that the funds that went into the brokerage account originated from funds she owned jointly with her husband and that both spouses were present when they opened the account at TD Ameritrade. (*Id.* at 28). Mrs. Carrerou testified that, in the event of her death, she intended for the property in the brokerage account to pass to Mr. Carrerou and, in the event of his death, the property would pass to Mrs. Carrerou. (*Id.* at 28). BB&T did not cross-examine Mrs. Carrerou.

9

Next, Mr. Carrerou testified that it was also his intention for the brokerage account to be held in joint tenancy by the entirety. (Doc. 351, p. 32). He also testified that the funds in the brokerage account originated from funds he held jointly with his wife and that both he and Mrs. Carrerou exercised joint control over the account. (*Id.*). Mr. Carrerou corroborated Mrs. Carrerou's testimony that they were married at the time of opening the account and both were present when they opened the account. (*Id.* at 32–33). He testified that in the event of the death of one of them, the surviving spouse would receive the property in the brokerage account. (*Id.* at 33–34). Mr. Carrerou also testified that he did not remember seeing or signing an express option indicating that he did not intend for the account to be held in tenancy by the entirety. (*Id.* at 33). In response to questioning by the court, Mr. Carrerou testified that, in the years since he opened the account at TD Ameritrade, he did not notice that the account statements indicated that it was held in joint tenancy with rights of survivorship. (*Id.* at 37–39). Mr. Carrerou also testified that when he opened the account at TD Ameritrade he did not know the legal difference between tenancy by the entirety and joint tenancy with rights of survivorship. (*Id.* at 41). BB&T's cross examination focused on where the TD Ameritrade account is located and tax liability. (*Id.* at 34–36, 41–45).

Based on the testimony provided by Mr. and Mrs. Carrerou, I conclude that they have established by a preponderance of the evidence that they intended for the brokerage account at TD Ameritrade to be held as a tenancy by the entirety. In *Beal Bank*, the Florida Supreme Court stated:

> Property held as a tenancy by the entirety possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical; (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

780 So. 2d at 52 (citations omitted).

Here, Mr. and Mrs. Carrerou testified: they had joint ownership and control of the brokerage account; their interests in the brokerage account were the same; the documents they completed when they opened the account titled the account in both of their names; they were both present when they opened the account; they intended for the other spouse to inherit the property in the account in the event of one of their deaths; and they were married at the time they opened the brokerage account. BB&T produced no evidence to discredit the testimony of Mr. and Mrs. Carrerou. Therefore, Mr. and Mrs. Carrerou met their burden by proving their intent to hold the brokerage account at TD Ameritrade as tenancy by the entirety by a preponderance of the evidence.

While "Florida statutes are clear in their requirement for filing claims of exemption and motions to dissolve within twenty days and do not provide a procedure for untimely filings" (Doc. 193 at 4), an account held by husband and wife as tenants by the entirety is beyond the reach of a creditor of either one of the spouses. *Dawson*, 459 So. 2d at 1117–18. Similar to the facts the court dealt with in *Bernal*, TD Ameritrade's answer to the writ of garnishment raised a question of Mrs. Carrerou's ownership in the brokerage account that required resolution on the merits. 2009 WL 586010 at *7. Thus, Mrs. Carrerou's failure to file a claim of exemption or motion to dissolve within the required time limit pursuant to Florida law does not preclude concluding that the TD Ameritrade account is held as tenancy by the entirety and therefore out of Mr. Carrerou's creditors' reach.

Accordingly, it is **RECOMMENDED** that:

(1)     BB&T Motion for Final Judgment in Garnishment Regarding Garnishee TD Ameritrade (Doc. 292) be **DENIED**; and

    (2)    the writ of garnishment against TD Ameritrade be dissolved pursuant to Section 77.07, Fla. Stat.

**Date: February 2, 2018.**

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge