# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

      **Plaintiff,**

v.                                        **Case No. 8:15-cv-1462-T-30AAS**

CRYSTAL CENTRE, LLC, et al.,

      **Defendants.**

_____/

## ORDER

Oswald Carrerou moves for an order directing that Branch Banking and Trust Company (BB&T) is entitled to receive the net value of Mr. Carrerou's individual Pershing accounts after deductions for tax liability and other fees. (Doc. 383). BB&T opposes Mr. Carrerou's motion. (Doc. 386). Pershing's liability under Section 77.06, Florida Statutes, which attached when Pershing answered BB&T's writ of garnishment, is independent and legally separate from the tax liability and any other fees associated with Mr. Carrerou's individual accounts. Mr. Carrerou will incur no fees or tax liability associated with liquidating Mr. Carrerou's individual accounts at Pershing because his counsel (possibly to be reimbursed by his counsel's malpractice insurance carrier) will pay BB&T the value of his individual accounts in lieu of Pershing liquidating the accounts. Therefore, Carrerou's motion (Doc. 383) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.   BACKGROUND[1]

BB&T initiated this cause of action against Crystal Centre, LLC, and Messrs. Carrerou and Donald K. Stephens claiming the defendants defaulted on a promissory note and guaranties.  (Doc. 1).  The Clerk entered judgment against Crystal Centre and Mr. Carrerou for $927,149.53 plus post-judgment interest.  (Doc. 45).  The Clerk also entered an award of attorney's fees in costs against Crystal Centre and Mr. Carrerou for $64,918.35.  (Doc. 103).  BB&T then began collection efforts.

The court issued a writ of garnishment against Pershing, LLC.  (Doc. 65). Pershing answered the writ and stated Mr. Carrerou held three accounts at Pershing—one joint account with his wife Leah Carrerou and two individual retirement accounts (IRAs) in Mr. Carrerou's name.  (Doc. 128, p. 5).  Pershing's answer stated the following:

| Pershing Account Number | Account Title | Balance/Value a/o response date 09/16/2016 |
|---|---|---|
| ***0607 | Oswald P. Carrerou Leah J. Carrerou JT TEN P.O. Box 334 Winter Haven, FL 33882-0334 | $5,074.78 |
| ***0698 | IRA FBO Oswald P. Carrerou Pershing LLC as Custodian P.O. Box 334 Winter Haven, FL 33882-0334 | $11,877.04 |

---

[1] The court and the parties are familiar with the detailed background of this case.  Therefore, the undersigned includes facts most relevant to Mr. Carrerou's current motion.

| ***0631 | SEP FBO Oswald P. Carrerou Pershing LLC as Custodian P.O. Box 334 Winter Haven, FL 33882-0334 | $174,919.91 |
| --- | --- | --- |

(Doc. 128, p. 5). BB&T moved for final judgment in garnishment against Mr. Carrerou's IRAs at Pershing. (Doc. 260). The undersigned recommended granting BB&T's motion and the court entered judgment in garnishment in BB&T's favor against Mr. Carrerou's IRAs at Pershing for $11,877.04 (account ending in ***0698) and $174,919.91 (account ending in ***0631). (Docs. 290, 300).

The parties jointly stipulated to dissolve the writ of garnishment against Mr. Carrorou's joint account (ending in ***0607) with Mrs. Carrerou. (Doc. 375). Therefore, only issues associated with the funds from Mr. Carrerou's IRAs (accounts ending in ***0698 and ***0631) remain.

## II. ANALYSIS

Mr. Carrerou argues BB&T should receive no more from his IRAs than he would take if he were to liquidate his accounts at this time. (Doc. 383, pp. 9–11). According to Mr. Carrerou, because he would incur a tax liability and other brokerage and transaction fees if he were to liquidate his IRAs, BB&T should receive the value of his IRAs less the tax liability and other fees he would incur. (*Id.* at 12–13). Mr. Carrerou claims that, in wage garnishments under Florida law, the garnishor, or

judgment creditor, can only receive twenty-five percent of the debtor's disposable income after federal income tax and other withholdings. (Doc. 383, p. 14). Mr. Carrerou argues the same practice from wage garnishment cases should apply here to disbursements from his IRAs. (*Id.*). Therefore, according to Mr. Carrerou, "if the value of the IRA account is allocated to BB&T, and such disbursement is accompanied by tax liability and penalties, the court should consider such resulting tax liability, and BB&T should bear such liability since it is the recipient of such assets." (*Id.*).

BB&T advances several reasons why the court should deny Mr. Carrerou's motion. (Doc. 386, pp. 5–14). First, BB&T argues Mr. Carrerou impermissibly seeks to amend the court's judgment on his IRAs at Pershing. (*Id.* at 5). Second, BB&T claims Mr. Carrerou waived the issue of withholding money from his Pershing IRAs because he did not object on this ground to the Report and Recommendation on his Pershing IRAs. (*Id.* at 6). Third, BB&T claims federal taxes should not be withheld from Mr. Carrerou's Pershing IRAs because tax withholdings are not mandatory. (*Id.* at 6–7).

If Mr. Carrerou is entitled to tax withholding on his Pershing IRAs, BB&T claims he would be entitled to ten-percent withholding at most. (*Id.* at 7–9). BB&T similarly argues Mr. Carrerou is not entitled to withholding for additional fees, like brokerage fees. (*Id.* at 12–13). BB&T last argues it is entitled to attorney's fees and costs incurred for responding to Mr. Carrerou's motion. (*Id.* at 13–14).

The undersigned will analyze the parties' contentions by addressing Mr.

4

Carrerou's claims about his tax liability first and his claims about brokerage and other fees second.

### A.     Tax Liability

The law of the state in which a federal court is located governs the procedure for enforcing a judgment by writ of execution.  Fed. R. Civ. P. 69(a)(1).  The law in Florida governing garnishment is Chapter 77, Florida Statutes.

When a judgment holder serves a writ of garnishment on a garnishee (an entity who owes money to the defendant or judgment debtor), the garnishee becomes "liable for all debts due by [it] to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer."  Fla. Stat. § 77.06.  Section 77.06, Florida Statutes further states: "Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control."

Florida's garnishment statute requires the garnishee to retain any property of the judgment debtor in its possession until disposition or dissolution of the writ. *Arnold, Matheny and Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So. 2d 628, 632 (Fla. 2008) (citation omitted).  The garnishee then becomes the trustee of the defendant's funds.  *Reaves v. Domestic Fin. Co.*, 152 So. 718, 720 (Fla. 1934); *In re Masvidal*, 10 F.3d 761, 764 (11th Cir. 1993) (quotation and citation omitted).  If the garnishee fails to retain the judgment debtor's property—as disclosed in its answer

to the writ of garnishment—the judgment holder may obtain monetary judgment against the garnishee. *See Arnold, Matheny and Eagan, P.A.*, 982 So. 2d at 632 (discussing Section 77.081). "This potential liability that may attach to the garnishee under the garnishment statute arises independently of the underlying debt, and it is legally separate from any liability that the underlying judgment debtor may have to the plaintiff." *Daniels v. Sorriso Dental Studio, LLC*, 164 So. 3d 778, 781 (Fla. 2d Dist. Ct. App. 2015).

When Pershing answered BB&T's writ of garnishment, Pershing stated it owed Mr. Carrerou $11,877.04 for the account ending in ***0698 and $174,919.91 for the account ending in ***0631. (Doc. 128, p. 5). Pershing did not state it owed Mr. Carrerou $11,877.04 less Mr. Carrerou's federal tax liability. Nor did Pershing state it owed Mr. Carrerou $174,919.91 less Mr. Carrerou's federal tax liability. So, when Pershing answered BB&T writ of garnishment, it became trustee of $11,877.04 and $174,919.91, respectively. Pershing's failure to retain those funds would have resulted in a judgment in BB&T's favor against Pershing for $11,877.04 and $174,919.91. Any tax liability associated with the Pershing accounts is therefore independent and legally separate from the garnishment judgment BB&T has against Mr. Carrerou's IRAs at Pershing. As a result, Mr. Carrerou's motion for an order directing Pershing to withhold an amount for Mr. Carrerou's tax liability when it disburses his individual accounts is denied.

Although factually dissimilar, the reasoning from *Daniels* is informative. In

*Daniels*, the plaintiff obtained a judgment against an individual and then served a writ of garnishment on the individual's employer to garnish wages owed to the individual judgment debtor. 164 So. 3d at 780. The employer answered the writ and stated it withheld wages from the individual debtor to satisfy the debt owed to the plaintiff. *Id.* The individual debtor later filed for bankruptcy and eventually obtained a discharge. *Id.* The plaintiff (the judgment creditor) moved for garnishment judgment against the employer and argued he was entitled to wages the employer garnished from the date it answered the writ of garnishment to the date the individual debtor filed for bankruptcy. *Id.*

*Daniels* held that, although the bankruptcy discharge eliminated the individual debtor's liability to the plaintiff, the discharge did not eliminate the employer's liability to the plaintiff. *Id.* at 781. Instead, the court stated that under Section 77.081, Florida Statutes, the employer garnishee was "independently liable to [the plaintiff] for the amounts that it should have retained for [the plaintiff's] benefit between the date the writ of garnishment was served and the date [the individual debtor] filed for bankruptcy protection." *Id.*[2]

Like the employer in *Daniels*, when Pershing answered BB&T's writ of garnishment, it became liable to BB&T for $11,877.04 and $174,919.91, respectively. Pershing's liability to BB&T exists independently of any tax liability. Therefore,

---

[2] *See also Salcedo v. Wells Fargo Bank, N.A.*, 223 So. 3d 1099, 1105 (Fla. 3d Dist. Ct. App. 2017) (holding that bankruptcy discharge had no effect on judgment creditor's ability to collect against garnishee for negligent release of judgment debtor's property).

BB&T's garnishment judgment against Mr. Carrerou's IRAs at Pershing will not be reduced by Mr. Carrerou's tax liability.

The body of Chapter 77, Florida Statutes, supports finding BB&T entitled to the full amounts Pershing included in its answer to the writ of garnishment. Courts must construe the text of a statute as a whole. *Borden v. East–European Ins. Co.*, 921 So. 2d 587, 595 (Fla. 2006) (quotation and citation omitted); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 167–69 (2012) (discussing the whole-text canon, which requires considering "the entire text, in view of its structure and of the physical and logical relation of its many parts").

Section 77.083, Florida Statutes, states the following:

> **Judgment.** – *Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial.* Instead of scire facias, the court may subpoena the garnishee to inquire about his or her liability to or possession of property of the defendant. No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

Fla. Stat. § 77.083 (emphasis added). The first sentence of Section 77.083 states that, after the court enters judgment against a garnishee, a judgment holder is entitled to the amount the garnishee states in its answer to a writ of garnishment. *See also Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th Dist. Ct. App. 2016) (stating the extent of the garnishee's liability under Section 77.083 is the amount the garnishee owes the judgment debtor). So, Section 77.083 supports finding

8

BB&T entitled to the amounts Pershing listed in its answer to the writ of garnishment.

If Pershing was uncertain about whether all funds in Mr. Carrerou's IRAs were subject to garnishment, Pershing could have expressed any good-faith doubt in its answer to BB&T's writ of garnishment. Section 77.06(3), Florida Statutes, states that when "a garnishee in good faith is in doubt as to whether any indebtedness or property is required by law to be included in the garnishee's answer or retained by it, the garnishee may include and retain the same." Section 77.06(3) allows garnishees to express good-faith doubt about a judgment debtor's property in its answer to a writ of garnishment. *Tosto v. Deutsche Bank Trust Co.*, No. 06-21213-CIV-LENARD/GARBER, 2011 WL 13103991, at \*2 (S.D. Fla. June 16, 2011) (citation omitted).

Pershing expressed no good-faith doubt about whether all funds in Mr. Carrerou's IRAs were subject to garnishment in its answer. (Doc. 128, p. 5). Nor did Pershing file an amended answer to BB&T's writ of garnishment outlining issues with respect to Mr. Carrerou's tax liability.[3] Further, Mr. Carrerou failed to raise tax liability issues with respect to his Pershing IRAs in his motion to dissolve BB&T's

---

[3] Pershing moved for additional instructions on liquidating Mr. Carrerou's accounts. (Doc. 310). In its motion, Pershing raised questions about liquidation and Mr. Carrerou's tax liability. (*Id.*). But, under Sections 77.06(3) and 77.083, Pershing's original (or amended) answer to BB&T's writ of garnishment was the proper way for Pershing to raise those issues. Either way, in its motion, Pershing did not state that reducing BB&T's garnishment judgment by Mr. Carrerou's tax liability was necessary or mandatory.

writ of garnishment against Pershing or in his claim of exemption. (Docs. 167, 168).[4]

These facts further support not reducing BB&T's garnishment judgment against Mr.

Carrerou's Pershing IRAs by any tax liability.

To support his argument for reducing BB&T's garnishment judgment against

his Pershing IRAs by his tax liability, Mr. Carrerou cites cases from two

distinguishable areas of law. (Doc. 383, pp. 11–15) (citations omitted). Mr. Carrerou

first cites cases in which the United States garnished funds, with federal income tax

withheld, from criminal defendants. *See, e.g.*, *United States v. Allala*, No. 8:11-CR-

222-T-30EAJ, 2013 U.S. Dist. LEXIS 53073 (M.D. Fla. Apr. 12, 2013) (ordering bank

garnishee to withhold federal income tax). But the criminal cases Mr. Carrerou cites

withheld federal income tax under 18 U.S.C. Section 3613, which governs

enforcement of criminal restitution judgments. *See id.* (withholding federal income

taxes under 28 U.S.C. Section 3205); *see also United States v. Fussell*, No. 11-30175-

CR-LENARD/O'SULLIVAN, 2013 WL 12080161, at *3 (discussing how 18 U.S.C.

Section 3613 permits income tax withholding under 28 U.S.C. Section 3205). BB&T

is not the federal government enforcing a criminal restitution judgment; therefore,

Mr. Carrerou's reliance on those cases is unavailing.

Mr. Carrerou also cites family law cases to support his argument that federal

---

[4] Mr. Carrerou claimed his Pershing individual accounts were exempt under the "retirement or profit-sharing benefits or pension money" exemption. (Docs. 167, 168). The court eventually denied Mr. Carrerou's claim of exemption and motion to dissolve BB&T's writ of garnishment against Mr. Carrerou's Pershing IRAs as untimely. (Docs. 290, 300).

income tax should be withheld from BB&T's garnishment judgments. *See, e.g.,* *Tradler v. Tradler*, 100 So. 3d 735, 739 (Fla. 2d Dist. Ct. App. 2012) (citations omitted) (stating that trial courts should consider tax consequences when valuing marital assets in dissolution of marriage proceedings). But dissolution of marriage proceedings "are in equity and governed by basic rules of fairness as opposed to the strict rule of law." *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997) (citation omitted). No such principles apply in garnishment proceedings and Mr. Carrerou cited no case law in which a court applied family law principles to garnishment proceedings under Chapter 77, Florida Statutes. So, his reliance on those cases is also unavailing.

Mr. Carrerou argues BB&T can receive no more from his Pershing IRAs than he would had he liquidated the accounts. (Doc. 383, pp. 9–11). But Mr. Carrerou's argument misapplies the law. A judgment creditor's claim against a garnishee rises no higher than the judgment debtor's claim against the garnishee. *Reaves*, 152 So. at 720. In other words, the judgment creditor receives no greater rights against a garnishee than would be available to the judgment debtor in a proceeding against the garnishee. *Carpenter v. Benson*, 478 So. 2d 353, 354 (Fla. 5th Dist. Ct. App. 1985) (citations omitted); *Security Bank, N.A. v. BellSouth Advert. & Pub. Corp.*, 679 So. 2d 795, 799 (Fla. 3d Dist. Ct. App. 1996).

Based on Pershing's answer to BB&T's writ of garnishment, had Mr. Carreou initiated proceedings against Pershing for the funds in his IRAs, he would have been entitled to $11,877.04 (account ending in ***0698) and $174,919.91 (account ending

in ***0631).  Tax liability is a legally separate issue.  *See Daniels*, 164 So. 3d at 781

(holding that judgment debtor's discharge is a legally separate issue from the

garnishee's liability under Chapter 77, Florida Statutes).  So, BB&T can receive the

same amounts Mr. Carrerou would have received—$11,877.04 and $174,919.91.

Whether Mr. Carrerou would have to then pay taxes or fees on those distributions is

of no concern to BB&T.

### B.    Brokerage and Other Fees

Section 77.28, which concerns attorney's fees, costs, and expenses, in relevant

part, states the following:

> On rendering final judgment, the court shall determine the garnishee's
> costs and expenses, including a reasonable attorney fee, and in the event
> of a judgment in favor of the plaintiff, the amount is subject to offset by
> the garnishee against the defendant whose property or debt owing is
> being garnished. In addition, the court shall tax the garnishee's costs
> and expenses as costs. The plaintiff may recover in this manner the sum
> advanced by him or her, and, if the amount allowed by the court is
> greater than the amount paid together with any offset, judgment for the
> garnishee shall be entered against the party against whom the costs are
> taxed for deficiency.

Fla. Sta. § 77.28.  Section 77.28 contemplates that the garnishee will suffer no out-of-

pocket expenses due to a judgment creditor's garnishment.  *Suntrust Bank v. Arrow*

*Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th Dist. Ct. App. 2016).  Any property from

the judgment debtor the garnishee turns over to the judgment creditor is reduced by

the garnishee's costs.  *Tosto*, 2011 WL 13103991, at *4.  If the judgment creditor

cannot recover its entire judgment because the garnished account is insufficient, the

offset is taxed against the judgment debtor and the judgment creditor can recover the

reduction from the judgment debtor. *Tosto*, 2011 WL 13103991, at \*4.

If Pershing was to turn over the funds from Mr. Carrerou's IRAs to BB&T directly, Pershing would be entitled to offset the funds by costs Pershing itself incurred due to liquidating the IRAs. BB&T could then recover the reduction for Pershing's costs against Mr. Carrerou.

But Mr. Carrerou requests the court permit his counsel (MT Firm) or its malpractice insurance carrier to "pay the net value of [Mr. Carrerou's IRA] accounts directly to [BB&T] in lieu of a forced liquidation of the retirement accounts." (Doc. 383, p. 15). In that case, Pershing would incur no costs or fees because Pershing would not liquidate the IRAs, and BB&T would instead receive the full value of the IRA accounts from MT Firm. Therefore, MT Firm must pay BB&T $11,877.04 for the account ending in \*\*\*0698 and $174,919.91 for the account ending in \*\*\*0631, and Mr. Carrerou's request to reduce those amounts by Pershing's brokerage and other fees is denied.[5]

## III. CONCLUSION

Mr. Carrerou's tax liability is a separate legal issue from Pershing's liability under its answer to BB&T's writ of garnishment. The amount BB&T recovers from Mr. Carrerou's IRAs at Pershing will not be reduced by Pershing's costs because Mr.

---

[5] BB&T argues it should receive its attorney's fees and costs incurred due to responding to Mr. Carrerou's motion. (Doc. 386, pp. 13–14). The court explicitly permitted Mr. Carrerou to submit his motion and the court also permitted BB&T to respond. (Doc. 382). Therefore, BB&T's request for attorney's fees and costs incurred due to responding to Mr. Carrerou's motion is denied.

Carrerou requests the court permit MT Firm to pay the value of his Pershing IRAs to BB&T instead of liquidating the IRAs, which avoids Pershing incurring costs associated with liquidation. Therefore, Mr. Carrerou's motion (Doc. 383) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1. Mr. Carrerou's request to reduce the value of his Pershing IRAs by his federal income tax liability is **DENIED**.

2. Mr. Carrerou's request to reduce the value of his Pershing IRAs by the amount of Pershing's brokerage fees and other costs is **DENIED**.

3. Mr. Carrerou's request that his counsel (MT Firm) or its malpractice insurance carrier pay BB&T the value of his Pershing IRAs in lieu of forced liquidation is **GRANTED**. MT Firm is **DIRECTED** to pay BB&T $11,877.04 for Mr. Carrerou's IRA ending in ***0698 and $174,919.91 for Mr. Carrerou's IRA ending in ***0631.

4. Mr. Carrerou's request for a hearing or order on Pershing's schedule of fees and charges is **DENIED**.

5. Mr. Carrerou's motion (Doc. 383) is **DENIED** in all other respects.

6. BB&T request for attorney's fees and costs incurred due to responding to Mr. Carrerou's motion (Doc. 386, pp. 13–14) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 4, 2018.


AMANDA ARNOLD SANSONE
United States Magistrate Judge